UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-22203-CIV-MORENO

CITY OF MIAMI GARDENS, a Florida municipal
Corporation,

    Plaintiff,

vs.

WELLS FARGO & CO., and WELLS FARGO
BANK, N.A.,

    Defendants.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

The City of Miami Gardens, which has an overwhelming majority of African American residents, has filed a 57-page amended complaint accusing Defendants Wells Fargo Bank, N.A. and Wells Fargo & Co. of predatory and discriminatory lending that resulted in home foreclosures. Despite the length of the amended complaint and its summaries of governmental agency reports, bulletins, law review articles, etc., the complaint appears to claim that Wells Fargo placed African American borrowers in mortgages they could not afford, leading to a disproportionate number of foreclosures. This in turn caused the City to suffer damages.

The Court dismisses the First Amended Complaint without prejudice to refile in compliance with Fed. R. Civ. P. 8(a)(2), which requires that a "claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief," and under section (d), that "each allegation must be simple, concise and direct." This 57-page complaint, with parts I through IX in its 3-page table of contents and 47 footnotes, fails to be plain, short, concise, or direct, or sufficiently directed at Defendants' actions in the City of Miami Gardens.

The City may file a second amended complaint no later than **October 23, 2014** specifying the exact violations of the Fair Housing Act by the City of Miami Gardens. In addition, the City of Miami Gardens must allege in the complaint the facts that confer standing to complain about private home foreclosures, the specific injury to the governmental entity, the precise number and dates of foreclosures,

and the specific costs to the City of Miami Gardens. The second amended complaint should **not** be a carbon copy of cases filed in California and other jurisdictions with generalities about the nation's housing crisis and racial discrimination occurring throughout the entire country, or even in other cities in the Southern District of Florida. Rather, the second amended complaint should specify what happened in **Miami Gardens**. The complaint should state what specific predatory practices occurred in Miami Gardens and how minorities were allegedly targeted there. Moreover, if statements attributed to certain witnesses are included in the complaint, then the Court will require that the witnesses are identified by name and not as "confidential witnesses," "CW1," "CW2," and the like.

The second amended complaint must be precise in detailing (1) how Miami Gardens is injured, (2) how that injury is traceable to the conduct of each Wells Fargo defendant, and (3) how the injury can be redressed with a favorable decision in this case. The complaint shall further specify the particular remedy sought. If injunctive relief is requested, then the particular prohibition or requirement must be plead. If monetary damages are sought, then the basis for the damages must be pled along with a factual basis for the causal link to a particular discriminatory act. Accordingly, it is

**ADJUDGED** that Plaintiff's First Amended Complaint is DISMISSED without prejudice, with leave to file an amended pleading, consistent with this Order, by no later than **October 23, 2014**. Defendants shall have until **December 5, 2014** to file **both** a motion to dismiss and an answer.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of October, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record